UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/14

---------------------------------------------------------X

MAYRA JIMENEZ,                            :

               Petitioner,                 :

    - against -                          :

UNITED STATES OF AMERICA,                 :

               Respondent.                 :

---------------------------------------------------------x

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
LORETTA A. PRESKA**[*]

11cv2550-LAP-FM

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

On April 21, 2010, pro se petitioner Mayra Jimenez ("Jimenez") pleaded guilty to a one-count indictment charging that she conspired to distribute and possessed with intent to distribute more than one kilogram of heroin and more than five kilograms of cocaine. (Civ. ECF No. 5, Ex. B; Cr. ECF No. 18, 45, 48).[1] Thereafter, on December 3, 2010, the Honorable Richard J. Holwell sentenced Jimenez to thirty-eight months in prison to be followed by three years of supervised release. (S. 14).

---

[*]    This Report and Recommendation was prepared with the assistance of Maybeline Saharig, a student at Seton Hall Law School.

[1]    "Cr. ECF No." refers to docket entries in 09 Cr. 330. "Civ. ECF No." refers to docket entries in 11 Civ. 2550, the related civil proceeding. "P." refers to the transcript of Jimenez's guilty plea. (Civ. ECF No. 5, Ex. B; Cr. ECF Nos. 45, 48). "S." refers to the transcript of Jimenez's sentencing. (Civ. ECF No. 5, Ex. A; Cr. ECF No. 57).

On April 5, 2011, Jimenez filed a petition seeking to reduce the length of her sentence pursuant to 28 U.S.C. § 2255. (Civ. ECF No. 1 ("Petition" or "Pet.")). On December 23, 2013, while that Petition remained pending, Jimenez was released from federal prison. Accordingly, for the reasons set forth below, I recommend that the Petition be dismissed as moot.

II.   Relevant Background

Jimenez was arrested on May 11, 2009, pursuant to a criminal complaint that charged her and several co-defendants with conspiring to distribute cocaine and heroin. (See Cr. ECF No. 1). She subsequently was indicted and charged with conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine and more than one kilogram of heroin, in violation of 18 U.S.C. § 846. (Cr. ECF No. 18). Due to the quantities of narcotics involved, the charge carried a mandatory minimum sentence of ten years in prison. (See Civ. ECF No. 5, Ex. A ("Plea Agr.") at 1).

On April 21, 2010, Jimenez pleaded guilty pursuant to a plea agreement with the Government. (P. 1-15). Through the plea agreement, the parties stipulated that Jimenez's base offense level under the Sentencing Guidelines was 32. (Plea Agr. at 2). The parties further stipulated, however, that Jimenez qualified for safety-valve relief under Section 5C1.2(a)(1)-(5), resulting in a two-level reduction, in addition to a three-level reduction for her timely acceptance of responsibility for her actions. (Id.). Accordingly, based on Jimenez's lack of a prior criminal history, the parties agreed that the Guidelines range for Jimenez's sentence was between 70 and 87 months of

2

imprisonment. (Id. at 3). The parties further stipulated that there should be no upward or downward departures from this range, although both sides reserved their right to argue for a non-Guidelines sentence based on the factors set forth in 18 U.S.C. § 3553(a). (Id.). In addition, pursuant to the plea agreement, Jimenez expressly agreed that she would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range." (Id. at 4).

During the plea allocution, Magistrate Judge Michael Dolinger explained to Jimenez that although the parties had stipulated to a Guidelines sentencing range, the Court would not be bound by that stipulation in imposing sentence, and retained the discretion to impose a sentence longer or shorter than the one contemplated by her plea agreement. (P. 11-12). Jimenez acknowledged that she understood. Judge Dolinger then asked Jimenez whether she understood that "if the sentence that you receive from Judge Holwell is not longer than 87 months[,] you are giving up your right to complain about that sentence[,] either on appeal to the Court of Appeals or by application to Judge Holwell." (Id. at 12). Again, Jimenez stated that she understood. (Id.).

Jimenez's sentencing took place on December 3, 2010. During the proceedings, Jimenez's counsel, Irving Cohen, Esq., urged the court to impose a non-custodial sentenced based on Jimenez's illness, her dedication to community service and rehabilitation, and her relatively insignificant role in the conspiracy charged. (S. 5-10). After also hearing from the Government and Jimenez, Judge Holwell imposed sentence. Although he agreed with the parties' stipulation regarding the applicable Guidelines

3

range, Judge Holwell imposed a below-Guidelines sentence of 38 months' imprisonment, to be followed by three years of supervised release. As the Judge explained, he believed that a downward "adjustment must be made . . . to reflect a number of factors, [but] that a period of [some] incarceration [was] necessary . . . in light of . . . the seriousness of the offense." (Id. at 13-14). Judge Holwell noted that, in determining the appropriate sentence, he had specifically taken into account Jimenez's "personal circumstances," her lack of a prior criminal history, and her "meaningful efforts to rehabilitate herself and to contribute to her community." (Id. at 16).

III.    Habeas Petition

On April 7, 2011, Jimenez filed this action to seek a reduction in her sentence pursuant to 28 U.S.C. § 2255. In her Petition, Jimenez contends that her sentence should be reduced because Judge Holwell failed to consider her "extreme and unique circumstances" when applying the Sentencing Guidelines. (Pet. at 8). In addition, she claims that she received ineffective assistance of counsel in connection with her sentencing because Mr. Cohen failed to "properly [advise her] of her rights," request a downward departure, "explain the advantages and disadvantages of a sentencing hearing," or file a direct appeal on her behalf. (Id. at 10). Subsequently, in two further filings on July 19, 2011 and June 11, 2012, Jimenez requested a reduction of her sentence, pursuant to 18 U.S.C. § 3582, so that she could seek treatment for certain medical issues, deal with several unspecified "family circumstances," and "proceed with her immigration case as [she] might be deported." (See Cr. ECF No. 67, Civ. ECF No. 6). Although she

4

contested the length and validity of her sentence, Jimenez has never challenged her

underlying conviction or sought to withdraw her guilty plea.

On April 19, 2012, Your Honor referred this matter to me to report and

recommend with respect to Jimenez's claims.  (Civ. ECF No. 9).  Jimenez apparently was

released from federal custody on December 23, 2013.  See Federal Bureau of Prisons,

Inmate Locator, http://www.bop.gov/inmateloc/ (last visited August 26, 2014).  Her

whereabouts at this time are unknown.

IV.    Discussion

Pursuant to Article III, Section 2, of the United States Constitution, a

federal court's subject matter jurisdiction is limited to matters that present a "case or

controversy."  To satisfy this requirement, a party must, at all stages of the litigation, have

an actual injury that is likely to be redressed by a favorable decision.  United States v.

Blackburn, 461 F.3d 259, 261 (2d Cir. 2006) (citing United States v. Mercurris, 192 F.3d

290, 293 (2d Cir. 1999) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  "[I]f an event

occurs during the course of the proceedings or on appeal that makes it impossible for the

court to grant any effectual relief whatever to a prevailing party, [the court] . . . must

dismiss the case" as moot.  Id.

A petition for habeas corpus relief does not necessarily become moot when

the petitioner is released from prison.  Rather, the matter will remain a live case or

controversy if there remains "'some concrete and continuing injury' or 'collateral

consequence' resulting from the conviction."  Spencer, 523 U.S. at 7.  In cases where the

5

petitioner challenges the conviction itself, the Supreme Court "has been willing to
presume the existence of collateral consequences sufficient to satisfy the case or
controversy requirement" even if those collateral consequences "are remote and unlikely
to occur.'" United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999) (emphasis
omitted) (quoting Spencer, 523 U.S. at 8). This presumption of collateral consequences
has been justified on the theory that "most criminal convictions do in fact entail adverse
collateral legal consequences," including deportation, enhancement of future criminal
sentences, and certain civil disabilities such as being barred from holding certain offices,
voting in state elections, and serving on a jury. Mercurris, 192 F.3d at 293 (quoting
Sibron v. New York, 392 U.S. 40, 54-56, (1968)).

Here, however, because Jimenez does not challenge her underlying
conviction, the presumption of collateral consequences does not apply. See, e.g.,
Mercurris, 192 F.3d at 293 (noting that "[petitioner] cannot rely upon the presumption of
collateral consequences arising from a criminal conviction because he does not challenge
his conviction – he contests only a sentencing enhancement," and declining "to presume
the existence of collateral consequences sufficient to satisfy Article III's
case-or-controversy requirement."); Gomez-Vargas v. United States, No. 07 Civ. 1864
(HB), 2009 WL 1024241, at *2 (S.D.N.Y. Apr. 15, 2009) ("Here, in addressing
Petitioner's challenge solely to the length of his sentence, the Court is foreclosed from
presuming such collateral consequences."). Absent this presumption, Jimenez bears the
burden of demonstrating some "concrete and identifiable collateral effect of [her]

sentence" that would satisfy the case-or-controversy requirement. United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005).

  Jimenez has failed to show such an effect, and there is nothing in the record to suggest that one exists. Unlike other petitioners who have successfully overcome the mootness bar, the length of Jimenez's sentence will have no bearing on her ability to return to the United States (assuming she has been deported), since her controlled substance conviction renders her inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). See Mercurris, 192 F.3d at 479 ("Thus, since Mercurris has only a quixotic chance of legally returning to the United states, the possibility that his aggravated felon status could make a difference to him under the immigration statutes is too speculative to create an Article III case or controversy."). Moreover, even if Jimenez has not been deported and is currently on supervised release, that would not suffice to maintain a live case or controversy, since her three-year supervised release term fell below the five-year statutory minimum for the crimes to which she pleaded guilty. Accordingly, even if Jimenez prevailed on her Petition, there is virtually no possibility that she would receive a shorter supervised release term on re-sentencing. See United States v. Key, 602 F.3d 492 (2d Cir. 2010) (quoting United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) ("An appellate challenge to a criminal sentence is 'rendered moot' when the defendant has been 'release[d] from prison' and when there is either 'no possibility' or only a 'remote and speculative' possibility that 'the district court could [or would] impose a reduced term of supervised release were we to remand for resentencing.'").

Because Jimenez is no longer in custody and is not likely to suffer collateral consequences based on the length of her sentence itself, this proceeding no longer presents a case or controversy sufficient to satisfy the demands of Article III. This case consequently should be dismissed.

V.      Conclusion

For the foregoing reasons, the Court should dismiss Jimenez's Petition as moot.[2]

V.      Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of Chief Judge Loretta A. Preska and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Preska. The failure to file these timely objections will result in a waiver of those objections for

---

[2]      Although Jimenez has not furnished the Court with her present address, I have forwarded a copy of this Report and Recommendation to her last known mailing address at FCI Danbury, which may have some means to contact her.

8

purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 6(d), 72(b)

Dated:  New York, New York
    August 26, 2014

               FRANK MAAS
              United States Magistrate Judge


Copies to:

Mark Lanpher (via ECF)
Assistant United States Attorney

Mayra Jimenez (via US Mail)
No. 62073-054
FCI Danbury
Route 37
Danbury, Connecticut 06811